**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                              Case No.  8:04-cr-592-T-30TGW

**MICHAEL A. HORNE**
_____

## ORDER

This cause came on for consideration upon Defendant Michael A. Horne's Motions to Suppress Evidence and Request for Evidentiary Hearing (Dkts. ## 35, 36 & 37) and the Government's Opposition to Defendant's Motion to Suppress His Post-Arrest Statements and Other Evidence, and Government's Opposition to Defendant's Request for an Evidentiary Hearing (Dkt. # 41).

Defendant Michael A. Horne seeks to suppress the introduction into evidence at trial the bag of cocaine and 9mm handgun that were seized from Horne's automobile during the execution of a search warrant by the Manatee County Sheriff's Office ("MCSO") at 3313 East 5th Street Court, Bradenton, Manatee County, Florida.  Horne also seeks the suppression of incriminating statements that he alleges were made as a direct result of the seizure of the cocaine and firearm.  Horne asserts that there was insufficient probable cause to support the issuance of the search warrant and that the warrant was overly broad.

The Court, having considered the motions and the response, and being otherwise fully advised, finds that the motions should be denied.  The search of Defendant Horne's vehicle was conducted pursuant to a valid search warrant obtained by the MCSO.  The Court finds

that the search warrant was supported by sufficient probable cause in the form of a "tip" from a reliable confidential informant ("CI") that the CI could purchase crack cocaine from the 3313 East 5th Street Court resident as well as the controlled purchase of nine (9) pieces of crack cocaine by the CI from inside the residence.

Moreover, the search warrant described the area to be searched with sufficient particularity to satisfy the requirements of the Fourth Amendment. The warrant identified the location to be searched and limited the search to the residence, the curtilage of the residence, and any vehicles located within this curtilage.[1] The search warrant also confined the search to narcotics and narcotic related items. Accordingly, the MCSO search of Horne's vehicle, which resulted in the seizure of the cocaine and firearm, was valid and those items will be admissible at trial. Any post-Miranda statements made by Defendant Horne to the MCSO are likewise admissible at trial. It is therefore ORDERED AND ADJUDGED that Defendant's Motions to Suppress (Dkts. ## 35, 36, & 37) are DENIED.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
Honorable William J. Castagna

S:\Even\2004\04-cr-592.deny mots suppress.wpd

---

[1] A search warrant may authorize police to search vehicles located in the curtilage when the object(s) of the search may be contained in those vehicles. See, e.g., United States v. Dahlman, 13 F.3d 1391, 1394-95 (10t Cir. 1993), cert. denied, 511 U.S. 1045 (1994).